UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD VERNE MCKENZIE, JR.,

        Plaintiff,           Civil Action No.: 14-14856
                                      Honorable Arthur J. Tarnow
        v.                      Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [R. 12, 13]**

Plaintiff Edward McKenzie appeals a final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions, referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Court finds that, while the Administrative Law Judge's ("ALJ") decision has several technical faults, remand to correct them would not result in a different outcome for McKenzie, and thus remand would be simply a formality. For these reasons, the Court **RECOMMENDS** that:

- the Commissioner's motion **[R. 13]** be **GRANTED**;

- McKenzie's motion **[R. 12]** be **DENIED**; and,

- the Commissioner's decision be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

**I.    BACKGROUND**

    **A.    Claimant's Background and Claimed Disabilities**

McKenzie was thirty-five years old at the time of his application, who had previously worked as a general laborer, and specifically as a packer. He claimed disability as a result of paranoid schizophrenia.

    **B.    Procedural History**

McKenzie had filed a previous set of applications for disability insurance benefits and SSI, which were denied at the administrative hearing level on October 8, 2010. [R. 10-3, Tr. 63-76]. The Appeals Council denied review, rendering the ALJ's decision final. [*Id.*, Tr. 77-80]. On November 15, 2011, McKenzie filed the instant application for SSI, alleging disability as of October 9, 2010. [R. 10-5, Tr. 216-21]. The claim was denied initially, and McKenzie filed a timely request for an administrative hearing, held on August 22, 2013, at which both he and a vocational expert ("VE") testified. [R. 10-2, Tr. 29-45; R. 10-4, Tr. 93-96, 99-109]. In a September 12, 2013 written decision, the ALJ found McKenzie not disabled. [R. 10-2, Tr. 10-28]. The Appeals Council denied

review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-6]. McKenzie timely filed for judicial review. [R. 1].

### C.   The ALJ's Application of the Disability Framework

SSI is available for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). A "disability" is the "inability to engage in any substantial gainful activity ("SGA") by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4).[1] Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the

---

[1] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.
[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 1520(c); 920(c).

3

claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that McKenzie was not disabled. At step one, he determined that McKenzie had not engaged in SGA since his application date.³ [R. 10-2, Tr. 15]. At step two, the ALJ found one severe impairment: paranoid schizophrenia. [*Id.*]. At step three, he determined that this impairment did not meet or medically equal a listed impairment, as the evidence only showed that McKenzie suffered from mild limitations in activities of daily living and moderate difficulties with social functioning and in maintaining concentration, persistence and pace, with no episodes of decompensation. [*Id.*, Tr. 15-17].

---

³ *See Bogle v. Sullivan*, 998 F.2d 342, 346 n.2 (6th Cir. 1993) ("A Title XVI application is effective for the month in which an individual is under a disability, but in no case earlier than the month in which the application is filed" (citing 42 U.S.C. § 1382(c)(6)).

4

Next, the ALJ assessed McKenzie's residual functional capacity ("RFC"), finding him capable of a full range of unskilled work at all exertional levels, with the additional limitations that the work involve only routine production and stress, simple job assignments, occasional contact with the public and co-workers, and little or no changes in the work setting. [*Id.,* Tr. 17]. At step four, the ALJ determined, with the assistance of VE testimony, that this RFC permitted McKenzie to return to his past work as a car wash attendant and a products assembler, and thus he was not disabled. [R. 21-22]. The ALJ then went on to make an alternative step five finding not relevant here. [R. 22-23].

## II. STANDARD OF REVIEW

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining

whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

The Commissioner must also adhere to its own procedures, but failure to do so constitutes only harmless error unless the claimant has been prejudiced or deprived of substantial rights. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009). An ALJ's failure to use an "adjudicatory tool" that does not change the outcome of the decision is harmless. *Id.* at 655-56.

With these standards in mind, this Court finds that the ALJ's determination that McKenzie is not disabled is supported by substantial evidence.

## III.    ANALYSIS

McKenzie argues that the ALJ failed to properly apply the standard set out in Acquiescence Ruling ("AR") 98-3(6) and *Dennard v. Sec'y of Health and Human Servs.*, 907 F.2d 598 (6th Cir. 1990), in characterizing

McKenzie's past work. McKenzie further argues that the ALJ's alternate step five finding is faulty as the hypothetical posed to the VE did not incorporate the non-exertional limitations outlined in the RFC. The Court finds that, although the ALJ made mistakes at step four, the errors were harmless and McKenzie's step five arguments are rendered moot.

> AR 98-3(6) requires that:
>
> where the final decision of SSA after a hearing on a prior disability claim contains a finding of the demands of a claimant's past relevant work, SSA may not make a different finding in adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim unless new and additional evidence or changed circumstances provide a basis for a different finding.

SSAR 98-3(6), 1998 SSR LEXIS 4, at *5-6, 1998 WL 283901 (June 1,1998) (citing generally *Dennard*, 907 F.2d 598).

At the prior hearing, the ALJ elicited testimony from McKenzie and the VE about the nature of his past relevant work, which was apparently based on a report McKenzie filed characterizing the nature of that work. [R. 10-2, Tr. 50-53, 60]. McKenzie testified that the job he worked the longest was for a company called Valley Industries, from 1999-2001, which involved packing things in boxes and lifting no more than fifteen pounds. [*Id.*, Tr. 51-52]. The VE defined this position as a "packer" – a medium, unskilled occupation – and testified that it was the only job in McKenzie's

work history that qualified as SGA.  [*Id.*, Tr. 60].

The ALJ then asked the VE whether a hypothetical claimant who had no exertional limitations but was limited to jobs involving only routine production and stress, simple assignments, occasional contact with the public and co-workers, and few or no changes in the work setting could perform any of McKenzie's past work.  [*Id.*, Tr. 60-61].  The VE testified that such a claimant could perform McKenzie's past work as a packer.  [*Id.*, Tr. 61].  Although the ALJ's hypothetical question imposed no exertional limitations, his written decision limited McKenzie to no more than medium work, but included all of the same non-exertional limitations he posed to the VE.  [R. 10-3, Tr. 70].  The ALJ ultimately found McKenzie could return to his past unskilled work as a packer.  [*Id.*, Tr. 72].

At the present hearing, the ALJ against asked the VE to characterize McKenzie's past work.  [R. 10-2, Tr. 42-43].  In doing so, the VE referred to a work history report that McKenzie had completed.  [*Id.*; R. 10-6, Tr. 253-61].  On that report, McKenzie did not specifically list the packing position he held in 1999 through 2001.  [R. 10-6, Tr. 253].  Instead, he listed his work from 1995 through 2006 as "laborer" for various unidentified employers, involving lifting of no more than twenty pounds.  [*Id.*, Tr. 253, 256].  He also listed two other occupations: dishwasher, from 1992-1997

and car dryer from 1995-1998. [*Id.*, Tr. 253].

The VE testified that McKenzie's past work consisted of a car wash dryer and a production assembler. [R. 10-2, Tr. 42]. The ALJ specifically asked the VE whether the assembly position was the same as the packer position from 1999 to 2001, and the VE testified, "I don't have those dates. I have '92 to '97 as a dishwasher and then '95 to '06, laborer and various. 20 pounds max. So I put in, I labeled that as a production assembler." [*Id.*]. She characterized the exertional limitation of production assembler as "light." [*Id.*].

The ALJ then asked whether a claimant matching McKenzie's profile, who could perform work at all exertional limitations but who had the same non-exertional limitations found in the ALJ's previous decision, could perform his past relevant work. [*Id.*, Tr. 42-43]. The ALJ stated that such an individual could perform work both as a car dryer and a production assembler. [*Id.*, Tr. 43]. The ALJ relied on this testimony to find that McKenzie was not disabled at step four of the process. [*Id.*, Tr. 21-22].

The Court acknowledges that there are several problems with the ALJ's analysis and conclusions. First, AR 98-3(6) and *Dennard* require that, in the absence of a finding of additional evidence or changed circumstances, the ALJ was bound to his prior decision's finding that

McKenzie's only SGA was as a packer, which was medium, unskilled work. Further, McKenzie is correct that there is little evidence that he worked as a production assembler, and thus the characterization of his past work in this way is suspect. Finally, the ALJ's RFC permitting work at all exertional levels contravenes the requirements of AR 98-4(6)[4] and *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), because it contradicts his own conclusions that no substantial evidence or changed circumstances existed to alter his prior RFC, which had limited McKenzie to medium work or less.

However, even if the Court were to remand this case back for correction of these errors, the outcome would remain the same, and thus the errors are harmless. See *Rabbers*, 582 F.3d at 654-55. But for the RFC's differing exertional limitations, the ALJ specifically found that there was no evidence that McKenzie's RFC had significantly changed since the earlier hearing. [R. 10-2, Tr. 17; R. 10-3, Tr. 70]. Thus, if the ALJ were required to adhere to his prior decision by characterizing McKenzie's work as a packer at the medium unskilled level and modifying his RFC to limit McKenzie only to medium work with the same non-exertional limitations, the VE again would testify that such a hypothetical claimant could perform

---

[4] 1998 SSR LEXIS 5, 1998 WL 283902 (June 1, 1998).

his past work. [R. 10-2, Tr. 60-61]. Thus, remand in this instance "would be an idle and useless formality." *Kobetic v. Comm'r of Soc. Sec.*, 114 Fed. Appx. 171, 173 (6th Cir. 2004) (quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969) (noting that in such instances courts are not required to "convert judicial review of agency action into a ping-pong game.")); *see also Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result." (citations omitted)).

Because the ALJ's ultimate conclusion at step four stands despite the ALJ's errors, the Court does not address McKenzie's alternate step five argument. Further, a review of the record convinces the Court that the decision is otherwise supported by substantial evidence.

## IV.   CONCLUSION

Because the ALJ committed no more than harmless error at step four, and his decision is otherwise supported by substantial evidence of record, the Court **RECOMMENDS** that McKenzie's Motion for Summary Judgment **[R. 12]** be **DENIED**, the Commissioner's Motion **[R. 13]** be **GRANTED** and this case be **AFFIRMED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD

United States Magistrate Judge

Dated: November 30, 2015

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to

the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 30, 2015.

                                            s/Marlena Williams
                                            MARLENA WILLIAMS
                                            Case Manager